**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL CAPITAL HABEAS PROJECT; KENNETH BARRETT; DUSTIN HIGGS; NORRIS HOLDER; and REJON TAYLOR<br><br>        Plaintiffs,<br><br>    v.<br><br>WILLIAM P. BARR, in his official capacity as Attorney General of the United States; MICHAEL CARVAJAL, in his official capacity as the Director of the Federal Bureau of Prisons<br><br>        Defendants. | Case No. 20-cv-03742 |

**DECLARATION OF RUTH FRIEDMAN IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR SECTION 705 RELIEF AND PRELIMINARY INJUNCTION**

I, Ruth Friedman, declare as follows:

1. I am over eighteen years of age. I submit this declaration in support of Plaintiffs' Motion for Section 705 Relief and Preliminary Injunction. I have personal knowledge of the following facts, and if called to testify, could and would testify competently thereto.

2. I am the Director of the Federal Capital Habeas Project (the "§ 2255 Project").

3. Plaintiff Federal Capital Habeas Project was created by the United States Judicial Conference Committee on Defender Services. Since 2006, the § 2255 Project has assisted federal courts with appointing counsel in federal death penalty habeas proceedings pursuant to 28 U.S.C. § 2255. The § 2255 Project's goal is for every individual sentenced to death in federal court to receive post-conviction representation consistent with the highest standards of the legal profession. To that end, § 2255 Project staff offer assistance and training to capital § 2255 counsel nationwide. The § 2255 Project also provides consultation and assistance to courts upon request, monitors case proceedings and legal developments around the country, maintains current data on

the composition of the federal death row, and provides direct representation in a limited number of cases.

4. In the history of the federal death penalty, 2020 has been the deadliest year since 1896.[1] The United States government has executed ten people between July and December 2020, including two individuals put to death last week.[2]

5. The federal government has set execution dates for three additional individuals, including Plaintiff Dustin Higgs, in January.[3]

6. This is the first time in over a century that executions have occurred during a presidential transition period.[4]

7. If the executions in January proceed, the federal government will have executed more than three times as many people in the seven-month period between July 2020 and January 2021 than were executed in the last six decades combined.[5]

8. For the first time ever, the federal government will have carried out more executions than all states combined.[6]

9. The Final Rule governing the manner of federal executions issued by the Department of Justice ("DOJ") will have significant impact on the § 2255 Project's ability to

---

[1] *See Federal Government Carries Out Two More Executions, Capping Deadliest Federal Death Penalty Year Since the 1890s*, Death Penalty Information Center (Dec. 11, 2020), https://deathpenaltyinfo.org/news/federal-government-carries-out-two-more-executions-capping-deadliest-federal-death-penalty-year-since-the-1890s.
[2] *Id.*
[3] *See* Celine Castronuovo, Five federal inmates scheduled for execution before Inauguration Day, The Hill (Nov. 25, 2020), https://thehill.com/homenews/news/527579-five-federal-inmates-scheduled-for-execution-before-inauguration-day.
[4] *See* Federal Government Carries Out Two More Executions, Capping Deadliest Federal Death Penalty Year Since the 1890s, Death Penalty Information Center (Dec. 11, 2020), https://deathpenaltyinfo.org/news/federal-government-carries-out-two-more-executions-capping-deadliest-federal-death-penalty-year-since-the-1890s.
[5] *See* Capital Punishment, Federal Bureau of Prisons, https://www.bop.gov/about/history/federal_executions.jsp (last visited Dec. 18, 2020).
[6] *See* Tal Axelrod, Federal government executed more prisoners in 2020 than all states combined, The Hill, https://thehill.com/homenews/administration/530431-federal-government-executes-more-prisoners-in-2020-than-all-states.

achieve its principal objectives. When fully staffed, the § 2255 Project consists of six attorneys, a paralegal, a mitigation specialist, and an administrative assistant. Our activities include 1) recruitment and recommendation of § 2255 counsel; 2) monitoring of pending § 2255 litigation and cases coming into post-conviction review; 3) consulting with § 2255 attorneys and other practitioners; 4) direct representation of federal prisoners who have been sentenced to death; 5) training; and 6) assistance to courts and court personnel. Under the Final Rule, without proper notice of executions, which regulations will apply, and which DOJ officers or employees will be responsible for the supervision of executions, the § 2255 Project will be substantially impaired in its ability to represent its clients, assist defense counsel for federally death-sentence individuals, and support the courts.

10. There is uncertainty surrounding when and how the Attorney General may impermissibly depart from binding law under the Final Rule. This presents the risk that the § 2255 Project will be prevented from raising challenges, properly advising counsel, or having adequate opportunity to vindicate the rights of clients. In this critical respect, the Final Rule interferes with the § 2255 Project's ability to represent its clients.

11. The Final Rule will impair the § 2255 Project's activities and operations and directly conflict with its mission by making it harder for the § 2255 Project to provide services that are vital to its organizational purposes.

12. The Final Rule will impede the ability of the § 2255 Project to monitor pending death penalty litigation and will force it to divert its limited resources away from other efforts.

13. DOJ has been scheduling more executions in 2020 than in decades before. In addition, DOJ has been giving individuals on death row less advance notice of their scheduled execution dates. For the last two decades, every individual who received an execution notice from BOP was given at least 120 days' notice. This year, in sharp contrast, the Bureau of Prisons ("BOP") has routinely given individuals less than 60 days' notice. For example, Orlando Hall received his notice of execution on September 30, 2020, and he was put to death 50 days later on

November 19, 2020. Brandon Bernard received his notice on October 16, 2020, and was executed just 55 days later, on December 10, 2020. Dustin Higgs also received only 56 days' notice.

14. Inadequate notice affects habeas attorneys' ability to represent their clients. For example, the § 2255 Project represented Daniel Lee when he was executed this summer. Counsel for Daniel Lee only received notice that a new execution date had been set through an email sent at 2:34 a.m. stating that the execution had been scheduled to occur that same day. That email did not specify that DOJ intended to put Mr. Lee to death at 4 a.m.—a mere 90 minutes after the email was sent. After sending the middle-of-the-night email, DOJ made no attempt to reach counsel by phone or otherwise ascertain whether counsel knew that the federal government intended to execute our client imminently. At the time DOJ sent the email to Mr. Lee's counsel stating that his execution date had been set for the same day, Mr. Lee had unaddressed legal claims still pending in the U.S. District Court for the District of Columbia. In addition, another stay prohibiting Mr. Lee's execution issued by the U.S. District Court for the Eastern District of Arkansas remained in place. Mr. Lee's counsel warned DOJ that it must comply with the stay. It was only under the threat of being held in contempt of court that DOJ paused the execution until the stay issued by the Eastern District of Arkansas could be addressed. The BOP left Mr. Lee strapped to the gurney for nearly four hours, with the IV lines inserted to start the execution process still in his arms, before finally killing him on the morning of July 14, just hours after telling him and his counsel that he would die that day. Mr. Lee and his counsel were not provided with adequate time to pursue available legal remedies; nor were counsel able to properly consult with Mr. Lee for the rest of the night. DOJ did not notify counsel when the federal government actually proceeded to execute Mr. Lee at 7:30 a.m., and while legal claims were still pending; counsel learned that information only because journalists who were on site to witness the execution posted it on Twitter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 18, 2020.

_____
Ruth Friedman