IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL CAPITAL HABEAS PROJECT, et al.<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY A. ROSEN, in his official capacity as Acting Attorney General of the United States,[1] et al.<br><br>Defendants. | Case No. 20-cv-03742-RC<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Pursuant to the Court's instruction during the hearing on January 7, 2021, Plaintiffs provide an update regarding *United States v. Higgs*, Case No. 20-18 (4th Cir.). Plaintiffs also submit a copy of an opinion issued by Judge Moss on January 8, 2021 in *Montgomery v. Rosen*, Case No. 20-3261 (D.D.C.), portions of which bear on issues before this Court.

### *United States v. Higgs*

On January 7, 2021, after the hearing in this case on Plaintiffs' motion for a preliminary injunction, the Fourth Circuit set a January 27, 2021 oral argument date for the Government's appeal of Judge Messitte's December 29, 2020 ruling that he could not order that Mr. Higgs's execution proceed in Indiana under Indiana law. *See* Ex. A (Fourth Circuit's January 7, 2021 Order, ECF No. 15). January 27, 2021 is nearly two weeks after Mr. Higgs's scheduled execution date of January 15, 2021. On January 8, 2021, pursuant to the Fourth Circuit's deadline for any motions regarding the scheduling of the argument, *see id.*, the Government moved to dispense with

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jeffrey A. Rosen is substituted for his predecessor, William P. Barr.

or expedite oral argument. *See* Ex. B (Government's January 8, 2021 Motion, ECF No. 18). In that motion, the Government represented that it "currently cannot carry out the execution as scheduled on January 15, 2021, because Maryland law 'does not provide for implementation of a sentence of death,' and the district court has not 'designate[d] another State, the law of which does provide for the implementation of a sentence of death' to govern the manner of implementing the defendant's sentence." *Id.* at 3 (citing 18 U.S.C. § 3596(a)). Mr. Higgs opposed the motion to dispense with or expedite oral argument.

On January 8, 2021, after considering the parties' submissions, the Fourth Circuit denied expedition, leaving the January 27, 2021 oral argument date in place. *See* Ex. C (Fourth Circuit's January 8, 2021 Order, ECF No. 28). Plaintiffs currently have no information regarding whether the Government will make any further filings regarding the Fourth Circuit's scheduling orders.

Mr. Higgs and the Government filed additional Fourth Circuit briefs on January 9, 2021, which are attached. *See* Ex. D (Mr. Higgs' Fourth Circuit Reply in Support of Motion to Dismiss, ECF No. 31); Ex. E (Government's Fourth Circuit Merits Reply, ECF No. 32). Plaintiffs will continue to update the Court as to the status of that litigation.

***Montgomery v. Rosen***

Lisa Montgomery's execution is currently scheduled for Tuesday, January 12, and, absent an injunction or stay of the Final Rule, the Final Rule will be operative at that time.

On January 8, 2021, Judge Moss denied Ms. Montgomery's motion seeking to establish that her execution had been invalidly rescheduled under the Federal Death Penalty Act ("FDPA"). Ms. Montgomery had argued that the rescheduling violated Missouri law and that Missouri law concerning execution scheduling was binding on the federal government as "implementation of the sentence" under the FDPA. *See* Ex. F (Judge Moss's January 8, 2021 Memorandum Opinion).

The legality of the Final Rule was not before Judge Moss, but his ruling implicated several issues also at issue in this case. First, Judge Moss reaffirmed the role of federal courts in setting execution dates, *see id.* at 25–32, explaining that "primary responsibility for setting the dates of federal executions has traditionally rested, at least since President Jackson's decision in 1830, with the sentencing court" and that "[t]he FDPA . . . did not disturb the background rule, set by President Jackson and confirmed by decades if not centuries of practice, that the sentencing court retains the authority to set execution dates, unless the court orders otherwise." *Id.* at 27, 32. This conclusion is relevant to Plaintiffs' claim that the removal of Section 26.2 from the Final Rule violates Article III by cutting courts out of the process of setting execution dates and instead providing that BOP shall set the date.

Second, Judge Moss described the broad role played by the United States marshals in implementing federal death sentences, *see id.* at 17–21, about which this Court had inquired at the hearing regarding Plaintiffs' challenge to Section 26.1(c). As Judge Moss explained, "United States marshals have traditionally been responsible for nearly every aspect of carrying out federal executions." *Id.* at 17. Judge Moss also recognized the statutory basis in the FDPA for the United States marshals' supervisory authority over implementation of federal executions. *See id.* at 4 fn.1, 17. Although Judge Moss stated that the FDPA provides a "default" designation to the United States marshal that the Attorney General may depart from under 28 U.S.C. §§ 509 and 510, *id.* at 21, it does not appear that the parties briefed that specific issue or discussed relevant case law bearing on it, including the canon of statutory construction that the specific governs over the general or the Supreme Court's decision in *United States v. Giordano*, 416 U.S. 505 (1974). Judge Moss referred to the Final Rule's attempted transfer of duties to BOP in Section 26.1(c), *see* Ex. G at 21, but did not address the legality of the Final Rule.

3

Third, Judge Moss also described the potential breadth of the state law that may be applicable to the "implementation" of federal executions under the FDPA. *See id.* at 11–25. Judge Moss rejected a narrow interpretation of "implementation," instead concluding that "the FDPA's reference to 'implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed,' 18 U.S.C. § 3596(a), is best read to include the steps of the administrative process by which the government carries out an execution after a prisoner has exhausted her appeals." *Id.* at 24–25. Although the validity of Section 26.1(b) was not before Judge Moss, his conclusion about the breadth of state law applicable through the FDPA is relevant to Plaintiffs' argument that the "vary" authority in Section 26.1(b) has broad potential consequences. The Government has asserted that the scope of Section 26.1(b) is narrow because its application is limited to situations in which the FDPA requires a variation to comply with state law. As Plaintiffs have explained, the text of Section 26.1(b) is not so limited, instead referring generally to "applicable law." But even if Section 26.1(b) is limited to conflicts with state law, Judge Moss's opinion reflects that a broad swath of state law may qualify as "applicable law"— and further summarizes the divergent views on what the FDPA means, which undermines the ability of death row inmates to predict when the Attorney General may seek to rely on the "vary" authority in Section 26.1(b).

| | |
|---|---|
| Dated: January 10, 2020 | By: */s/ Elizabeth Prelogar*<br>Elizabeth Prelogar (DC Bar No. 1011890)<br>Elias S. Kim (*pro hac vice*)<br>COOLEY LLP<br>1299 Pennsylvania Ave., NW, Suite 700<br>Washington, DC  20004-2400<br>Telephone: (202) 842-7800<br>Facsimile: (202) 842-7899<br>eprelogar@cooley.com<br>ekim@cooley.com |

Elizabeth Wright (*pro hac vice*)
Jennifer Elkin (*pro hac vice*)
COOLEY LLP
550 Boylston street
Boston, MA  02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400
ewright@cooley.com
jelkin@cooley.com

Colin Scott (*pro hac vice*)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
cscott@cooley.com

*Counsel for Plaintiff Federal Capital Habeas Project*

David Autry (*pro hac vice*)
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone: (405) 521-9600
Facsimile: (405) 521-9669
dbautry77@gmail.com

*Counsel for Plaintiff Kenneth Eugene Barrett*

Matthew Lawry (*pro hac vice*)
FEDERAL COMMUNITY DEFENDER
OFFICE, E.D. PENNSYLVANIA
601 Walnut St Ste 545 W
Philadelphia, PA 19106
Telephone: (215) 928-0520
Matthew_Lawry@fd.org

*Counsel for Plaintiff Dustin John Higgs*

Scott W. Braden (DC Bar No. 2007123)
FEDERAL PUBLIC DEFENDER,
E.D. ARKANSAS
1401 West Capitol Street
Little Rock, AR 72201

5

Tel: (501) 324-6114
scott_braden@fd.com

*Counsel for Plaintiff Norris Holder*

Alexis Hoag (*pro hac vice*)
ERIC HOLDER INITIATIVE FOR CIVIL &
POLITICAL RIGHTS
Columbia University
1130 Amsterdam Ave
202 Hamilton Hall
New York, NY 10027
Tel: (203) 645-4918
ajh2233@columbia.edu

*Counsel for Plaintiff Rejon Taylor*