# EXHIBIT D

No. 20-18
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

UNITED STATES OF AMERICA,
*Appellant*,

v.

DUSTIN JOHN HIGGS,
*Defendant-Appellee.*

_____

On Appeal from the United States District Court
for the District of Maryland
Criminal No. PJM-98-0520, Hon. Peter J. Messitte, U.S.D.J.

_____

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Leigh Skipper, Esq.
Chief Federal Defender
Matthew Lawry
Assistant Federal Defender
Federal Community Defender Office
Eastern District of Pennsylvania
Suite 545 West – The Curtis
Philadelphia, PA 19106
215-928-0520

Stephen H. Sachs
Roland Park Place
830 W. 40th Street, Apt. 864
Baltimore, MD 21211
410-243-4589

Dated: January 9, 2021

The Government Response to Appellee's Motion to Dismiss ("Gov. Resp.") asserts a new ground for appellate jurisdiction, for the first time arguing that this Court has jurisdiction under the collateral order doctrine. The Court should reject this belated assertion because the Government's motion to amend or supplement the judgment was manifestly not collateral to the judgment. The Court should likewise reject the Government's request for the drastic remedy of mandamus.

1.  Although the parties have already filed their briefs, the Government now for the first time asserts that the collateral order doctrine establishes this Court's jurisdiction over the appeal. *Compare* Gov. Resp. 2, *with* Br. of Appellant 5.[1] The Government did not include this new argument in its opening brief, which means that the jurisdictional statement in the Brief of Appellant was deficient. *See* Fed. R. App. P. 28(a) ("The appellant's brief *must contain* . . . (4) a jurisdictional statement, including . . . (B) the basis for the court of appeals' jurisdiction") (emphasis added). This deficiency warrants striking the Brief of Appellant or imposing sanctions on the Government. *See Baez-Sanches v. Sessions*, 862 F.3d

---

[1] The collateral order doctrine is characterized as either a "narrow exception" to 28 U.S.C. § 1291 or as a "practical construction" of the statute. *See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867–68 (1994). However characterized, it is a narrow basis for appeal, with strict requirements that are distinct from the appeal of right permitted from final orders under § 1291. There is not a hint of any of this in the Government's jurisdictional statement, or in the rest of its brief. *See* Br. of Appellant 5; *see also id.* at 12 ("Appellate jurisdiction exists under 28 U.S.C. § 1291 over the district court's final decision on the government's post-judgment motion.").

1

638, 642 (7th Cir. 2017) (striking appellate briefs containing deficient jurisdictional statements); *Jacobs v. Poppell*, 134 F. App'x 258, 260 (10th Cir. 2005) (ordering counsel "to show cause why she should not be sanctioned" for submitting brief containing, inter alia, a "jurisdictional statement [that] omits the bases for appellate jurisdiction").

2. The Government's reliance on the collateral order doctrine as a basis for jurisdiction is unavailing, as well as belated. The collateral order doctrine is a "narrow" exception to the final order requirement of 28 U.S.C. § 1291, and is subject to "stringent" requirements. *Digital Equip. Corp.*, 511 U.S. at 868. "The requirements for collateral order appeal have been distilled down" to a three part test. *Will v. Hallock*, 546 U.S. 345, 349 (2006).

The Government cannot meet the second prong of the collateral order doctrine, which states that the appealed order "must . . . resolve an important issue *completely separate from the merits* of the action." *United States v. Moussaoui*, 483 F.3d 220, 228 (4th Cir. 2007) (emphasis added) (quoting *Will*, 546 U.S. at 349); *see also Carolina Power & Light Co. v. U.S. Dep't of Labor*, 43 F.3d 912, 916 (4th Cir. 1995) (the collateral order doctrine "requires the appealed issue to have an existence completely separate from the underlying cause of action"). A final judgment, in contrast, incorporates and resolves the merits of a case. The district court order denying the Government's motion to amend or supplement the

2

judgment to authorize Mr. Higgs's execution under Indiana law resolves the merits and is not collateral at all.

It is fundamental that, to be "completely separate" from the merits, an order can "not be merged in final judgment." *Moussaoui*, 483 F.3d at 232 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). The Supreme Court "has often stated that a criminal judgment necessarily includes the sentence imposed upon the defendant." *United States v. Dodson*, 291 F.3d 268, 272 (4th Cir. 2002) (internal quotation marks omitted). Further, "[s]ince 1944, the Rules have defined a judgment of conviction as the integrated document filed by the court at the close of a criminal trial, containing the plea, the verdict or findings, the adjudication, and the sentence." *Id.* (internal quotation marks, brackets, and emphasis omitted) (citing Fed. R. Crim. P. 32). Here, the "integrated document," i.e., the district court's judgment, required Mr. Higgs's execution to be conducted under Maryland law. That requirement is "merged in [the] final judgment" and therefore is not "completely separate" from the merits.

In light of these principles, it is unsurprising that courts addressing appeals from motions to amend sentence do not suggest that the narrow collateral order doctrine applies. *See Dillon v. United States*, 560 U.S. 817, 831 (2010) (declining to address requested modifications to criminal sentence that were beyond the scope of specific congressional authorization); *United States v. Lightner*, 266 F. App'x

3

240, 242 (4th Cir. 2008) (vacating modification of judgment without reference to the collateral order doctrine); *United States v. Fraley*, 988 F.2d 4, 4–6 (4th Cir. 1993) (same). As the Eleventh Circuit has recognized, because an "original sentencing order and [a] modification order are part of the sentencing process," it is necessary to "reject the government's contention that the modification order is 'sufficiently independent' from the underlying criminal case to be appealable" under the collateral order doctrine. *United States v. Dean*, 752 F.2d 535, 540 (11th Cir. 1985); *see also Gov't of V.I. v. Douglas*, 812 F.2d 822, 831 (3d Cir. 1987) ("[W]e hold that sentencing orders do not display the characteristics of independence required to render orders appealable under § 1291 . . . ."); *United States v. Denson*, 588 F.2d 1112, 1126 (5th Cir.), *on reh'g*, 603 F.2d 1143 (5th Cir. 1979) ("The sentencing process is the inevitable culmination of a successful prosecution; it is an integral aspect of a conviction. Therefore, we hold that the orders of sentence and probation are not possessed of 'sufficient independence' from the criminal case to permit a Government appeal under 28 U.S.C.A. s 1291.") (citations omitted).

     3.    The Government also fails to make a compelling case for the Court's use, in the alternative, of the "drastic remedy" of mandamus. *See United States v. Moussaoui*, 333 F.3d 509, 516 (4th Cir. 2003). The Government relies extensively on *Ex parte United States*, 242 U.S. 27, 37–38, 41–42, 52–53 (1916), *see* Gov.

4

Resp. 3, 10–11, but that decision is inapposite. There, the district court issued a supplemental order modifying the defendant's sentence. 242 U.S. at 37, 39. The order relied on the premise that the district court possessed "inherent judicial power" and "discretion" to refuse to impose sentence, and thus the order was in direct conflict with the separation of powers in which "the authority to define and fix the punishment for crime is legislative." *Id*. at 41–42. Quite the opposite occurred here: the district court declined to issue a supplemental order altering the defendant's sentence. The district court did not assert an extrajudicial power; it refused to exercise one, holding that amending or supplementing the judgment is "beyond the authority of the district court." JA161. And the district court's order here closely examined and followed the statutory language adopted by Congress. JA162–64. *Ex parte United States* does not support the Government's request for this Court to exercise the extraordinary writ of mandamus.

For the above reasons and those set forth in his prior submissions, Defendant-Appellee Higgs respectfully requests that the Court dismiss the Government's appeal and its petition for writ of mandamus.

| | |
|---|---|
| /s/ Matthew Lawry | Stephen H. Sachs |
| Matthew Lawry | Roland Park Place |
| Aren Adjoian | 830 W. 40th Street, Apt. 864 |
| Cristi Charpentier | Baltimore, MD 21211 |
| Elizabeth Hadayia | 410-243-4589 |
| Assistant Federal Defenders | |
| Federal Community Defender Office | |
| Eastern District of Pennsylvania | |
| Suite 545 West – The Curtis | |
| Philadelphia, PA 19106 | |
| 215-928-0520 | |

Dated:  January 9, 2021

# CERTIFICATE OF SERVICE

I, Matthew Lawry, hereby certify that on this 9th day of January, 2021, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system. Electronic notice will be provided to the following individuals:

Ellen E. Nazmy
Special Assistant United States Attorney
Office of the United States Attorney
6500 Cherrywood Lane, Ste. 200
Greenbelt, MD 20770

Jeffrey A. Hall
Counsel to the Assistant Attorney General
Civil Division, Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

/s/ Matthew Lawry
Matthew Lawry