# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL CAPITAL HABEAS PROJECT; KENNETH BARRETT; DUSTIN HIGGS; NORRIS HOLDER; and REJON TAYLOR<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY A. ROSEN, in his official capacity as Acting Attorney General of the United States; and MICHAEL CARVAJAL, in his official capacity as the Director of the Federal Bureau of Prisons<br><br>Defendants. | Case No. 1:20-cv-3742 (RC) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE
## OF SUPPLEMENTAL AUTHORITY

Defendants respectfully respond to the arguments raised in Plaintiffs' Notice of Supplemental Authority, which discusses Judge Moss's January 8, 2021 decision in *Montgomery v. Rosen*, Case No. 20-3261 (D.D.C.) ("Mem. Op."). Contrary to Plaintiffs' suggestion, that decision does not support Plaintiffs' motion for a preliminary injunction for the reasons explained below.

*First*, Judge Moss's discussion of the historical practice of setting federal execution dates sheds no light on whether Plaintiffs face irreparable harm stemming from the removal of Section 26.2. Plaintiffs will not be harmed because, as to the execution of the only Plaintiff with an execution date, Dustin Higgs, the sentencing court entered a Judgment and Order reciting all of the elements contained in Section 26.2, including that "[t]he sentence shall be executed on a date . . . designated by the Director of the Federal Bureau of Prisons." *United States v. Higgs*, Case No. PJM-98-0520, Judgment and Order at 3, ECF No. 414 (D. Md. Jan. 9, 2001). Like Higgs, the other three Plaintiff-inmates' convictions and death sentences were entered while Section 26.2 was still applicable to them as well. Moreover, the government does not plan to schedule any further

executions before January 20, 2021 to take place either before or after that date. There is therefore no plausible impending harm to Plaintiffs flowing from the repeal of Section 26.2 that could support entry of a preliminary injunction.

*Second*, Judge Moss's discussion of the responsibility of the U.S. Marshal in supervising the implementation of executions does not support Plaintiffs' claim of irreparable harm from Section 26.1(c), which reiterates the Attorney General's authority to reassign responsibilities among his subordinates. Judge Moss concluded, consistent with Defendants' interpretation in the Final Rule, that the Attorney General can reassign the U.S. Marshal's "default" responsibilities in the Federal Death Penalty Act to the Attorney General's other subordinates. Mem. Op. at 21 (citing 28 U.S.C. §§ 509, 510). Furthermore, as undersigned counsel represented to this Court on January 7, 2021, the Attorney General will not invoke Section 26.1(c) to delegate the U.S. Marshal's authority over the supervision of Higgs's execution, assuming the execution goes forward as scheduled. The designated U.S. Marshal will perform the same duties during Higgs's execution as those performed by the U.S. Marshals in the ten executions that have been implemented since July 2020. Plaintiffs therefore lack any justification for emergency relief as to Section 26.1(c).

*Finally*, Plaintiffs cite Judge Moss's opinion to suggest that "a broad swath of state law may qualify as 'applicable law'" that could trigger a variance under Section 26.1(b). Notice at 4. The challenge in *Montgomery*, however, was fundamentally different than the one here. In that case, the inmate, Lisa Montgomery, argued that the government *must* comply with certain State law provisions, which she argued were incorporated through the FDPA. *See* Mem. Op. at 3–4. This case, however, seeks to *prevent* the government from complying with State law where doing so would require a variance from the Department's regulations. In other words, *Montgomery* is effectively the inverse of this case. Yet, regardless of what State law is incorporated by the FDPA in a given case, Defendants have unequivocally represented—and do so again here—that they will not vary from the Departments' regulations with respect to Higgs's execution if it goes forward as scheduled on January 15, 2021. Accordingly, Plaintiffs cannot justify a preliminary junction based on Section 26.1(b).

Respectfully submitted,

| | |
|---|---|
| MICHAEL R. SHERWIN<br>Acting United States Attorney | JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General |
| BRIAN P. HUDAK<br>Acting Chief, Civil Division | JEAN LIN<br>Special Litigation Counsel |
| JOHNNY H. WALKER, D.C. Bar #988057<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, District of Columbia 20530<br>Telephone: 202 252 2575<br>Email: johnny.walker@usdoj.gov | By: */s/ Bradley P. Humphreys*<br>BRADLEY P. HUMPHREYS, D.C. Bar #988057<br>CRISTEN C. HANDLEY, MO Bar #69114<br>JONATHAN KOSSAK, D.C. Bar #991478<br>Trial Attorneys<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, N.W.<br>Washington, District of Columbia 20005<br>Telephone: (202) 305-0878<br>jean.lin@usdoj.gov<br>bradley.humphreys@usdoj.gov<br>cristen.handley@usdoj.gov<br>jonathan.kossak@usdoj.gov<br><br>*Counsel for Defendants* |

Dated: January 10, 2021

## CERTIFICATE OF SERVICE

    I hereby certify that on January 10, 2021, I caused a true and correct copy of foregoing to be served on all counsel of record via the Court's CM/ECF system.

                                             */s/ Bradley P. Humphreys*
                                             *Counsel for Defendants*