UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL CAPITAL HABEAS PROJECT, *et al.*, | : : : | |
| Plaintiffs, | : : | Civil Action No.:   20-3742 (RC) |
| v. | : : | Re Document No.:   3 |
| JEFFREY A. ROSEN, *et al.*, | : : | |
| Defendants. | : | |

## ORDER

Plaintiffs' suit challenges a regulation that the Department of Justice ("DOJ") recently finalized. *See* Manner of Federal Executions, 85 Fed. Reg. 75,846 (Nov. 27, 2020). They have requested a preliminary injunction to prevent the application of the new regulation to Plaintiff Dustin Higgs's execution, which is scheduled for January 15, 2021. *See* Mem. Supp. Pls.' Mot. Section 705 Relief & Prelim. Inj. ("Pls.' Mot.") at 3, ECF No. 3-1. Two of the challenged regulatory provisions are relevant to this order. One permits the Attorney General to "vary" from the DOJ's execution regulations "[w]here applicable law conflicts" with them "to the extent necessary to comply with the applicable law." 28 C.F.R. § 26.1(b). The second allows the Attorney General to "delegate[]" "[a]ny task or duty assigned to" DOJ officials by the regulations "to any other officer or employee" of the DOJ. *Id.* § 26.1(c).

Upon consideration of the parties' briefs and arguments made during three hearings over the past week, the Court will enter limited injunctive relief pursuant to the All Writs Act, 28 U.S.C. § 1651. The Government has assured the Court that the Attorney General has no plans to apply either regulatory provision in carrying out Mr. Higgs's execution. But the Court agrees with Plaintiffs that there is a danger that the Attorney General could invoke the provisions and

then execute Mr. Higgs without giving the Court a chance to rule on his challenges. *See* Pls.' Mot. at 36. To protect Mr. Higgs's interests in the case and to preserve jurisdiction over his suit, the Court believes limited injunctive relief is appropriate. *See Astrazeneca Pharms. LP v. Burwell*, 197 F. Supp. 3d 53, 55–60 (D.D.C. 2016) (outlining schedule to preserve parties' interests under All Writs Act when "the window for [judicial] review [wa]s not only small, but more or less instantaneous[] with the FDA's issuance of its decision," *id.* at 55 (last alteration in original) (internal quotation marks and citation omitted)); *see also FTC v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) ("[D]ecisions of this Court 'have recognized a limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels.'" (citation omitted)); *Trump v. Comm. on Ways & Means*, 415 F. Supp. 3d 38, 50 (D.D.C. 2019) ("[T]he Court believes it is appropriate to fashion limited relief under the All Writs Act that will prevent Mr. Trump's claims from becoming ripe and then moot almost instantaneously without notice to him or the Court.").

Accordingly, is it hereby:

**ORDERED** that, should the Attorney General decide to exercise the authorities granted to him under 28 C.F.R. § 26.1(b) or 28 C.F.R. § 26.1(c) in carrying out Mr. Higgs's execution, he shall provide the Court, Mr. Higgs, and Mr. Higgs's attorneys with notice of his decision at least 24 hours before Mr. Higgs is scheduled to be executed.

**SO ORDERED**.

Dated:  January 13, 2021                                                          RUDOLPH CONTRERAS
                                                                                                  United States District Judge