# EXHIBIT 3

determining the character, amount, and allocation of deductions in excess of gross income succeeded to by a beneficiary on the termination of an estate or non-grantor trust.

**DATES:** The teleconference public hearing, originally scheduled for Wednesday, August 12, 2020 at 10 a.m. is cancelled.

**FOR FURTHER INFORMATION CONTACT:** Regina Johnson of the Publications and Regulations Branch, Legal Processing Division, Associate Chief Counsel (Procedure and Administration) at (202) 317–5177 (not a toll-free number) or at *publichearings@irs.gov.*

**SUPPLEMENTARY INFORMATION:** A proposed rule;notice of public hearing that appeared in the **Federal Register** on July 17, 2020 (85 FR 43512) announced that a public hearing was scheduled for Wednesday, August 12 at 10 a.m. as a teleconference public hearing, Internal Revenue Service Building, 1111 Constitution Avenue NW, Washington, DC. The subject of the public hearing is under section 67(g) of the Internal Revenue Code.

The public comment period for these regulations expired June 25, 2020. The notice of proposed rulemaking and notice of hearing instructed those interested in testifying at the public hearing to submit an outline of the topics to be discussed. The outline of topics to be discussed was due by July 29, 2020. As of July 29, 2020, no one has requested to speak. Therefore, the public hearing scheduled for August 12, 2020 at 10:00 a.m. is cancelled.

**Martin V. Franks,**
*Branch Chief, Publications and Regulations Branch, Legal Processing Division, Associate Chief Counsel, (Procedure and Administration).*

[FR Doc. 2020–17126 Filed 8–4–20; 8:45 am]
**BILLING CODE 4830–01–P**

# DEPARTMENT OF JUSTICE

## Office of the Attorney General

### 28 CFR Part 26

[Docket Number OAG 171; AG Order No. 4749–2020]

RIN 1105–AB63

### Manner of Federal Executions

**AGENCY:** Office of the Attorney General, Department of Justice.
**ACTION:** Proposed rule.

**SUMMARY:** The Department of Justice is proposing to amend regulations to authorize implementation of a sentence in a Federal capital case in any manner consistent with Federal law and to make other amendments.

**DATES:** Electronic comments must be submitted and written comments must be postmarked or otherwise indicate a shipping date on or before September 4, 2020. The electronic Federal Docket Management System at *www.regulations.gov* will accept electronic comments until 11:59 p.m. Eastern Time on that date.

**ADDRESSES:** If you wish to provide comments regarding this rulemaking, you must submit comments, identified by the agency name and referencing Docket No. OAG 171, by one of the two methods below.

• *Federal eRulemaking Portal: http://www.regulations.gov.* Follow the website instructions for submitting comments.

• *Mail:* Paper comments that duplicate an electronic submission are unnecessary. If you wish to submit a paper comment in lieu of electronic submission, please direct the mail/shipment to: Laurence E. Rothenberg, Deputy Assistant Attorney General, Office of Legal Policy, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530. To ensure proper handling, please reference the agency name and Docket No. OAG 171 on your correspondence. Mailed items must be postmarked or otherwise indicate a shipping date on or before the submission deadline.

**FOR FURTHER INFORMATION CONTACT:** Laurence E. Rothenberg, Deputy Assistant Attorney General, Office of Legal Policy, U.S. Department of Justice, (202) 514–3116.

**SUPPLEMENTARY INFORMATION:**

## I. Public Participation

Interested persons are invited to participate in this rulemaking by submitting written data, views, or arguments on all aspects of this rule via one of the methods and by the deadline stated above. All comments must be submitted in English, or accompanied by an English translation. The Department of Justice ("Department" or "DOJ") also invites comments that relate to the economic, environmental, or federalism effects that might result from this rule. Comments that will provide the most assistance to the Department in developing these procedures will reference a specific portion of the rule, explain the reason for any recommended change, and include data, information, or authority that support such recommended change.

Please note that all comments received are considered part of the public record and made available for public inspection at *www.regulations.gov.* Such information includes personally identifiable information ("PII") (such as your name, address, etc.). Interested persons are not required to submit their PII in order to comment on this rule. However, any PII that is submitted is subject to being posted to the publicly accessible *www.regulations.gov* site without redaction.

Confidential business information clearly identified in the first paragraph of the comment as such will not be placed in the public docket file. The Department may withhold from public viewing information provided in comments that it determines may impact the privacy of an individual or is offensive. For additional information, please read the Privacy Act notice that is available via the link in the footer of *http://www.regulations.gov.* To inspect the agency's public docket file in person, you must make an appointment with the agency. Please see the **FOR FURTHER INFORMATION CONTACT** paragraph above for agency contact information.

## II. Background and Purpose

The Federal Death Penalty Act provides generally that a capital sentence in a Federal case is to be implemented "in the manner prescribed by the law of the State in which the sentence is imposed." 18 U.S.C. 3596(a). However, if the "law of the State in which the sentence is imposed" "does not provide for implementation of a sentence of death," then the statute directs the court to designate another State whose law does "provide for the implementation of a sentence of death," "and the sentence shall be implemented in the latter State in the manner prescribed by such law." *Id.*

The current execution regulations of the Department direct the attorney for the government to "file with the sentencing court a proposed Judgment and Order" stating that "[t]he sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death." 28 CFR 26.2(a). The regulations further state that, except to the extent a court orders otherwise, a sentence of death shall be executed on a date and at a time and at a "federal penal or correctional institution designated by the Director of the Federal Bureau of Prisons . . . [b]y intravenous injection of a lethal substance or substances in a quantity sufficient to cause death." *Id.* § 26.3(a). Furthermore, the Federal Bureau of Prisons facility for carrying out executions, located at the

Terre Haute correctional complex in Indiana, is equipped for carrying out executions only by lethal injection.

This proposed rule would provide the Federal Government with greater flexibility to conduct executions in any manner allowed by federal law and implement the statutory authorization in the Federal Death Penalty Act, at 18 U.S.C. 3597, that provides that State and local facilities and personnel may be used in carrying out Federal executions.

The proposed regulation would also clarify that the Attorney General has the authority to make all determinations of issues with regard to execution procedures, including designating other DOJ officials to make such determinations, in line with the Attorney General's well-established authority to manage the Department. Federal law vests all powers of components of the Department in the Attorney General and permits the Attorney General to reassign powers among the components. *See* 28 U.S.C. 509 (''All functions of other officers of the Department of Justice and all functions of agencies and employees of the Department of Justice are vested in the Attorney General[.]''); 28 U.S.C. 510 (granting the Attorney General authority to delegate powers to ''any other officer, employee, or agency of the Department of Justice''). When sections 3596 and 3597 of title 18 assign certain duties to a component of DOJ, those assignments are initial, default assignments. However, those duties are legally vested in the Attorney General, and because of this, the Attorney General may also assign those duties to other DOJ components, as is expressly permitted by long-standing Federal law. Sections 3596 and 3597 contain no language expressly prohibiting the Attorney General from deciding or delegating matters relating to executions.

The issues addressed in the proposed rule are manner of execution, use of State and local facilities and personnel, and other amendments.

*A. Manner of Execution*

Section 3596 of title 18 provides that Federal executions are to be carried out in the manner prescribed by the law of the relevant State, and the Federal execution regulations provide that Federal executions are to be carried out by lethal injection except to the extent a court orders otherwise, 28 CFR 26.2(a)(2), 26.3(a). Execution by lethal injection is now universally authorized in States that have capital punishment, *see In re Fed. Bureau of Prisons' Execution Protocol Cases,* 955 F.3d 106, 114 (D.C. Cir. 2020) (Katsas, J., concurring) (''Every state that authorizes capital punishment uses lethal injection 'as the exclusive or primary means of implementing the death penalty.' '' (quoting *Baze* v. *Rees,* 553 U.S. 35, 42 (2008) (plurality opinion))), but some States currently authorize execution by other means in certain circumstances, and more States may authorize execution by other means in the future. *See, e.g.,* Ala. Code 15–18–82.1(a) (by lethal injection but electrocution or nitrogen hypoxia may be elected); Miss. Code Ann. 99–19–51(1)–(4) (by lethal injection but by nitrogen hypoxia, electrocution, or firing squad if other methods are held unconstitutional or otherwise unavailable); Okla. Stat. tit. 22, sec. 1014 (same); Ark. Code Ann. 5–4–617(*l*) (by electrocution if execution by lethal injection is invalidated); Fla. Stat. 922.105 (by lethal injection but electrocution may be elected); *see also Bucklew* v. *Precythe,* 139 S. Ct. 1112, 1142 (2019) (Breyer, J., dissenting) (noting States permitting use of nitrogen hypoxia); *Glossip* v. *Gross,* 135 S. Ct. 2726, 2796 (2015) (Sotomayor, J., dissenting) (noting State using firing squad). One State has recently used electrocution. *See Media Advisory,* Tenn. Dep't of Corr. (Dec. 5, 2019, 7:27 p.m.), *https://www.tn.gov/correction/news/2019/12/5/media-advisory.html.* Some States also provide by law that a prisoner may choose the manner of execution from among several options in at least some circumstances. *See* Ala. Code 15–18–82.1(b); Ariz. Rev. Stat. Ann. 13–757(B); Cal. Penal Code 3604; Fla. Stat. 922.105; Ky. Rev. Stat. Ann. 431.220(1)(b); S.C. Code Ann. 24–3–530(A); Tenn. Code Ann. 40–23–114(b); Va. Code Ann. 53.1–234.

In recent U.S. Supreme Court litigation involving Eighth Amendment challenges to execution by lethal injection, nitrogen hypoxia and firing squad have been identified as potential alternative methods of execution, including by prisoners themselves, that might—or even must—be used instead of lethal injection, in particular because those methods allegedly carry a lesser risk of pain. The Supreme Court has rejected such arguments in the case of nitrogen hypoxia, in part because it has not been shown that the proffered alternative can be readily implemented by the relevant State and is less likely to cause pain. *See Bucklew,* 139 S. Ct. at 1129–33 (regarding nitrogen hypoxia); *id.* at 1142–43 (Breyer, J., dissenting) (same); *see also id.* at 1136 (Kavanaugh, J., concurring) (regarding firing squad); *Glossip,* 135 S. Ct. at 2739 (same); *id.* at 2796–97 (Sotomayor, J., dissenting) (same); *Arthur* v. *Dunn,* 137 S. Ct. 725, 733–34 (2017) (Sotomayor, J., dissenting from denial of certiorari) (discussing a prisoner's claim that the firing squad should be imposed as an alternative method in Alabama).

Nonetheless, in these cases, litigants have argued, and some jurists have noted, that there is evidence that certain alternative means of execution may be humane methods of execution if they were made available. *See Bucklew,* 139 S. Ct. at 1142–43 (Breyer, J., dissenting) (''[The petitioner] introduced into the record reports from Oklahoma and Louisiana indicating that nitrogen hypoxia would be simple and painless.''); *Glossip,* 135 S. Ct. at 2797 (Sotomayor, J., dissenting) (''At least from a condemned inmate's perspective, . . . [death by shooting's] visible yet relatively painless violence may be vastly preferable[.]''); *Arthur,* 137 S. Ct. at 734 (Sotomayor, J., dissenting from denial of certiorari) (''In addition to being near instant, death by shooting may also be comparatively painless.''). The Supreme Court has long held that death by firing squad and death by electrocution do not violate the Eighth Amendment's prohibition on cruel and unusual punishment. *See Wilkerson* v. *Utah,* 99 U.S. 130, 130–31, 134–35 (1878) (firing squad); *In re Kemmler,* 136 U.S. 436 (1890) (electrocution); *see also Bucklew,* 139 S. Ct. at 1125.

Furthermore, it is possible that a State in the future will provide that a manner other than lethal injection is the only authorized means of execution. Section 3596(a) would then require execution in that manner for a Federal offender sentenced in the State. The proposed rule would therefore forestall potential future arguments by prisoners in litigation that they cannot be executed under the existing regulation because the regulation does not expressly authorize execution by means other than lethal injection.

Accordingly, the proposed rule would amend the regulations to provide, in 28 CFR 26.3(a)(4), that Federal executions are to be carried out by lethal injection ''or by any other manner prescribed by the law of the State in which the sentence was imposed or which has been designated by a court in accordance with 18 U.S.C. 3596(a).'' (There is no similar change to § 26.2(a)(2) as the proposed rule proposes to rescind that section entirely, as discussed below.) The proposed rule thus ensures that the Department is authorized to use the widest range of humane manners of execution permitted by law.

*B. Use of State Facilities*

The current regulations provide that a Federal execution shall occur ''[a]t a

federal penal or correctional institution designated by the Director of the Federal Bureau of Prisons.'' 28 CFR 26.3(a)(2). Under the proposed amendments to the regulation, the Government will have the authority to carry out an execution in any appropriate Federal, State, or local facility. For example, as discussed above, future situations may arise in which it is necessary to carry out an execution by some means other than lethal injection, which could be beyond the current capacities of Federal facilities.

If cases of this nature arise, the most expedient means of carrying out the execution may be to arrange for State assistance. This is expressly authorized by section 3597(a), which provides that State and local facilities and personnel may be used in carrying out Federal executions. The proposed rule provides for such use by amending the regulations through striking ''federal'' before ''penal or correctional institution'' in § 26.3(a)(2) and replacing ''[b]y'' with ''[u]nder the supervision of'' a United States Marshal in § 26.3(a)(3).

### C. Additional Amendments

The proposed rule also proposes a number of other changes to the regulations, as follows:

First, it proposes to amend § 26.1 to clarify application of the regulations in certain circumstances. It designates existing language in that section as paragraph (a), and creates new § 26.1(b) that would provide the Attorney General the flexibility to vary from the regulation in the event that applicable law (such as controlling State law) requires different procedures, stating that where applicable law conflicts with any provision of part 26, the Attorney General may vary from that provision to the extent necessary to comply with the applicable law. It also adds new § 26.1(c) to reiterate the Attorney General's authority to manage the Department's execution process, by stating that any task or duty assigned to any officer or employee of the Department of Justice under part 26 may be delegated by the Attorney General to any other officer or employee of the Department of Justice.

Second, the proposed rule would eliminate unnecessary and redundant language in the regulations by striking the entirety of § 26.2 and reserving that section for future use.

Third, the proposed rule would amend the heading of § 26.3 to replace ''method'' with ''manner,'' in accordance with the language used in the statute.

Fourth, the proposed rule would clarify responsibilities for decisions about execution procedures by replacing the term ''Warden'' (or ''Warden of the designated institution'') with ''Director of the Federal Bureau of Prisons or his designee'' in §§ 26.3(a)(3), 26.4(a), 26.4(c)(1), 26.4(c)(4), 26.4(e), and 26.4(g), and deleting ''Warden'' in § 26.4(b) and in the first line of § 26.4(c).

Fifth, the proposed rule would amend § 26.3(a)(3) to authorize the Director of the Federal Bureau of Prisons to choose the personnel to carry out the sentence. To do so, the proposed rule strikes, in § 26.3(a)(3), ''the Marshal and''.

Sixth, the proposed rule would in § 26.3(a)(3) clarify that qualified personnel must be used for any manner of execution.

Seventh, the proposed rule makes an edit to § 26.4(b) to clarify that ''the institution'' refers to the correctional institution that has been designated in § 26.3(a)(2).

Eighth, an additional edit to § 26.4(b) clarifies that the Director has the discretion to grant a prisoner's request to visit with additional persons as the Director deems proper.

Ninth, to clarify the responsibility of the Marshal regarding notification to the sentencing court that the execution has been carried out, in § 26.4(g), the proposed rule states that the Marshal ''shall ensure that appropriate notice of the sentence's implementation is filed with the sentencing court,'' replacing the existing requirement that the Marshal sign a return referenced in § 26.2(b).

Tenth, the proposed rule would extend to non-DOJ employees (including contractors) existing protections that currently apply to DOJ employees, allowing them not to be in attendance at or to participate in any execution if such attendance or participation is contrary to the moral or religious convictions of the DOJ employee. The new language is almost the exact language on this matter from 18 U.S.C. 3597(b).

### III. Regulatory Review

#### A. Regulatory Flexibility Act

The Attorney General, in accordance with the Regulatory Flexibility Act (5 U.S.C. 605(b)), has reviewed this proposed regulation and by approving it certifies that this proposed regulation would not have a significant economic impact on a substantial number of small entities because it concerns the manner of implementing Federal capital sentences.

#### B. Executive Orders 12866, 13563, and 13771—Regulatory Planning and Review

This proposed regulation has been drafted and reviewed in accordance with Executive Order 12866, ''Regulatory Planning and Review,'' section 1(b), ''The Principles of Regulation,'' and Executive Order 13563, ''Improving Regulation and Regulatory Review.'' The Office of Information and Regulatory Affairs has determined that this proposed rule is a ''significant regulatory action'' under Executive Order 12866, section 3(f).

This proposed rule, if made final, may entail financial costs if, at some point in the future, a prisoner is to be executed by a manner other than lethal injection. The Department would then either have to provide its own system for an execution by a manner other than lethal injection or pay for the use of State or local facilities and personnel to perform the execution. In such a circumstance, the cost would likely be the development of Federal capabilities to implement such a sentence or payment for the use of State or local facilities and personnel.

This proposed rule is not expected to be a regulatory action for purposes of Executive Order 13771.

#### C. Executive Order 13132—Federalism

This proposed regulation will not have substantial direct effects on the States, on the relationship between the National Government and the States, or on the distribution of power and responsibilities among the various levels of government. Section 3597 of title 18 provides that the Federal Government ''may use appropriate State or local facilities for the purpose [of implementing a sentence of death], may use the services of an appropriate State or local official or of a person such an official employs for the purpose, and shall pay the costs thereof.'' The statutory authorization and the proposed rule to implement it are directed at the Federal Government. Neither the statute nor the proposed rule imposes any requirements for action or costs on States. Therefore, in accordance with Executive Order 13132, it is determined that this proposed rule does not have sufficient federalism implications to warrant the preparation of a federalism assessment.

#### E. Executive Order 12988—Civil Justice Reform

This proposed regulation meets the applicable standards set forth in sections 3(a) and 3(b)(2) of Executive Order 12988.

*F. Unfunded Mandates Reform Act of 1995*

This proposed rule will not result in the expenditure by State, local, and Tribal governments, in the aggregate, or by the private sector, of $100 million or more in any one year, and it will not significantly or uniquely affect small governments. Therefore, no actions were deemed necessary under the provisions of the Unfunded Mandates Reform Act of 1995.

*G. Congressional Review Act*

This proposed rule is not expected to be a major rule as defined by the Congressional Review Act, 5 U.S.C. 804. This rule will not result in an annual effect on the economy of $100 million or more; a major increase in costs or prices; or significant adverse effects on competition, employment, investment, productivity, or innovation, or on the ability of United States-based enterprises to compete with foreign-based enterprises in domestic and export markets.

**List of Subjects in 28 CFR Part 26**

Law enforcement officers, Prisoners.

Accordingly, for the reasons stated in the preamble, part 26 of chapter I of title 28 of the Code of Federal Regulations is proposed to be amended as follows:

**PART 26—DEATH SENTENCES PROCEDURES**

■ 1. The authority citation for part 26 is revised to read as follows:

**Authority:** 5 U.S.C. 301; 18 U.S.C. 4001(b), 4002, 3596, 3597; 28 U.S.C. 509, 510, 2261, 2265.

■ 2. Amend § 26.1 by:
■ a. Designating the existing language as paragraph (a); and
■ b. Adding paragraphs (b) and (c) to read as follows:

**§ 26.1   Applicability.**

\* \* \* \* \*

(b) Where applicable law conflicts with any provision of this part, the Attorney General may vary from that provision to the extent necessary to comply with the applicable law.

(c) Any task or duty assigned to any officer or employee of the Department of Justice by this part may be delegated by the Attorney General to any other officer or employee of the Department of Justice.

**§ 26.2   [Removed and Reserved]**

■ 3. Remove and reserve § 26.2.
■ 4. Amend § 26.3 by revising the section heading and paragraphs (a)(2), (3), and (4) to read as follows:

**§ 26.3   Date, time, place, and manner of execution.**

(a) * * *
(2) At a penal or correctional institution designated by the Director of the Federal Bureau of Prisons;
(3) Under the supervision of a United States Marshal designated by the Director of the United States Marshals Service, assisted by additional qualified personnel selected by the Director of the Federal Bureau of Prisons or his designee and acting at the direction of the Marshal; and
(4) By intravenous injection of a lethal substance or substances in a quantity sufficient to cause death, such substance or substances to be determined by the Director of the Federal Bureau of Prisons, or by any other manner prescribed by the law of the State in which the sentence was imposed or which has been designated by a court in accordance with 18 U.S.C. 3596(a).

\* \* \* \* \*

■ 5. Amend § 26.4 by revising paragraphs (a), (b), (c), (e), and (g) to read as follows:

**§ 26.4   Other execution procedures.**

(a) The Director of the Federal Bureau of Prisons or his designee shall notify the prisoner under sentence of death of the date designated for execution at least 20 days in advance, except when the date follows a postponement of fewer than 20 days of a previously scheduled and noticed date of execution, in which case the Director of the Federal Bureau of Prisons or his designee shall notify the prisoner as soon as possible.

(b) Beginning seven days before the designated date of execution, the prisoner shall have access only to his spiritual advisers (not to exceed two), his defense attorneys, members of his family, and the officers and employees of the institution designated in § 26.3(a)(2). Upon approval of the Director of the Federal Bureau of Prisons, the prisoner may be granted access to such other persons as the prisoner may request.

(c) In addition to the Marshal, the following persons shall be present at the execution:
(1) Necessary personnel selected by the Marshal and the Director of the Federal Bureau of Prisons or his designee;
(2) Those attorneys of the Department of Justice whom the Deputy Attorney General determines are necessary;
(3) Not more than the following numbers of persons selected by the prisoner:
(i) One spiritual adviser;
(ii) Two defense attorneys; and
(iii) Three adult friends or relatives; and
(4) Not more than the following numbers of persons selected by the Director of the Federal Bureau of Prisons or his designee:
(i) Eight citizens; and
(ii) Ten representatives of the press.

\* \* \* \* \*

(e) The Director of the Federal Bureau of Prisons or his designee should notify those individuals described in paragraph (c) of this section as soon as practicable before the designated time of execution.

\* \* \* \* \*

(g) After the execution has been carried out, qualified personnel selected by the Director of the Federal Bureau of Prisons or his designee shall conduct an examination of the body of the prisoner to determine that death has occurred and shall inform the Marshal and Director of the Federal Bureau of Prisons or his designee of his determination. Upon notification of the prisoner's death, the Marshal shall ensure that appropriate notice of the sentence's implementation is filed with the sentencing court.

\* \* \* \* \*

■ 6. Amend § 26.5 by revising the first sentence to read as follows:

**§ 26.5   Attendance at or participation in executions by Department of Justice personnel.**

No officer or employee of the Department of Justice or a State department of corrections, or any employee providing services to those departments under contract, shall be required, as a condition of that employment or contractual obligation, to be in attendance at or to participate in any execution if such attendance or participation is contrary to the moral or religious convictions of the officer or employee, or, if the employee is a medical professional, if the employee considers such participation or attendance contrary to medical ethics. * * *

Dated: July 7, 2020.

**William P. Barr,**

*Attorney General.*

[FR Doc. 2020–15039 Filed 8–4–20; 8:45 am]

**BILLING CODE 4410–19–P**