UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL CAPITAL HABEAS PROJECT, *et al.*,<br><br>　　　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>MERRICK GARLAND,[1]<br>United States Attorney General, *et al.*,<br><br>　　　　　　　　*Defendants*. | Civil Action No. 20-3742 (RC) |

## ANSWER TO THE FIRST AMENDED COMPLAINT

Defendants, the Attorney General of the United States and the Director of the Federal Bureau of Prisons, respectfully submit this answer to the first amended complaint brought by Plaintiffs Federal Capital Habeas Project, Kenneth Eugene Barrett, Norris Holder, Rejon Taylor, and Marvin Charles Gabrion II.

### AFFIRMATIVE DEFENSES

1.　　The amended complaint fails to state a claim upon which relief can be granted.

2.　　The challenged agency actions are in accordance with law and are not arbitrary or capricious.

### RESPONSES TO THE NUMBERED PARAGRAPHS

Defendants deny all the allegations in the amended complaint, including the relief sought, except to the extent specifically admitted herein. Defendants admit, deny, or otherwise respond to the numbered paragraphs of the amended complaint as follows:

---

[1] Attorney General Merrick Garland is automatically substituted as a defendant in place of his predecessor in office. *See* Fed. R. Civ. P. 25(d).

**Background[2]**

1. Defendants admit that thirteen federal inmates were executed between July 1, 2020, and January 31, 2021. Defendants further admit that four federal inmates were executed between January 1, 1963, and June 30, 2020. Defendants deny the other allegations in this paragraph.

2. Denied.

3. Defendants admit that the Department of Justice published a final rule on November 27, 2020, regarding the manner of federal executions. Defendants refer to that rule for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

4. Defendants refer to the rule for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

5. Defendants refer to the rule for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

6. Defendants refer to the rule for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this paragraph.

7. Denied.

---

[2] For ease of reference, Defendants have organized this answer using the headings from the amended complaint. Defendants do not admit the accuracy of those headings.

8. Defendants refer to the rule for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

9. Defendants deny that Plaintiffs are entitled to the relief that they seek.

## Parties

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied. Attorney General Merrick Garland has been substituted as a party for his predecessor in office. *See* Fed. R. Civ. P. 25(d).

16. Defendants admit that Michael Carvajal is a named defendant and that he is the Director of the Federal Bureau of Prisons. Defendants deny the other allegations in this paragraph.

## Jurisdiction and Venue

17. Defendants admit that this Court has jurisdiction under 28 U.S.C. § 1331 and that the Court may review the final rule subject to the provisions of the Administrative Procedure Act. Defendants deny the other allegations in this paragraph.

18. Defendants admit that the listed plaintiffs submitted a combined set of comments on the proposed rule.

19. Admitted.

20. Defendants admit that venue is proper in this district.

## Factual Allegations

**A.     The Federal Death Penalty Act Provides Certain Protections to Persons on Death Row**

21.     Defendants refer to the Federal Death Penalty Act for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

22.     Defendants refer to the Federal Death Penalty Act for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

23.     Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph due to the vagueness of the term "on death row." Defendants admit that there are approximately 49 death-sentenced inmates in the federal prison system.

**B.     In the Last Year, DOJ Implemented Executions at an Unprecedented Pace**

24.     Defendants admit that four inmates were executed between 1963 and 2003. Defendants refer to the referenced statements and communications for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

25.     Defendants admit that there were several lawsuits filed challenging the execution protocol. Defendants refer to the pleadings in those lawsuits for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. Defendants further admit that the litigation resulted in some delays to scheduled executions. Defendants deny the other allegations in this paragraph.

26.     Defendants admit the accuracy of the listed execution dates. Defendants deny the other allegations in this paragraph.

27.     Defendants admit that some members of Congress have called for a suspension of federal executions. Defendants deny the other allegations in this paragraph.

28. Defendants lack knowledge or information sufficient to form a belief about the allegations regarding executions prior to November 2020. Defendants deny the other allegations in his paragraph.

29. Defendants admit that on September 30, 2020, the Attorney General scheduled the execution of Orlando Hall for November 19, 2020, and that Hall was executed on the scheduled date. Defendants further admit that on October 16, 2020, the Attorney General scheduled the execution of Brandon Bernard for December 10, 2020, and that Bernard was executed on the scheduled date. Defendants further admit that on November 20, 2020, the Attorney General scheduled the execution of Dustin Higgs for January 15, 2021. Defendants lack knowledge or information sufficient to form a belief about the other allegations in this paragraph.

30. Defendants admit that Daniel Lee's execution was originally scheduled for July 13, 2020, and that Lee was executed on July 14, 2020, after the Supreme Court vacated an injunction and permitted Lee's execution to proceed as planned. Defendants refer to the letter to Lee's counsel for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

31. Defendants admit that Lee was executed in the morning on July 14, 2020, and that his execution was delayed while he was in the execution room until impediments thereto had been removed. Defendants refer to the communications involving Lee's counsel for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

32. Defendants refer to the communication with Wesley Purkey's counsel for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

33. Defendants admit that Lisa Montgomery was executed on January 13, 2021, after the Supreme Court removed impediments to her execution. Defendants further admit that Montgomery's spiritual advisor was not present in the execution room during her execution. Defendants deny the other allegations in this paragraph.

34. Denied.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

C.   **DOJ Proposes a New Rule Regarding the Manner of Executions**

36. Defendants admit that the Department of Justice published a notice of proposed rulemaking on August 5, 2020. Defendants refer to that notice for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

37. Defendants refer to that notice for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

38. Defendants refer to that notice for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

D.   **DOJ Ignores Comments to the Proposed Rule and Issues Its Final Rule**

39. Defendants admit that some of the plaintiffs collectively submitted comments to the proposed rule. Defendants refer to those comments for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

40. Defendants admit that the Department of Justice published a final rule on November 27, 2020. Defendants refer to that publication for a complete and accurate statement of

its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

41. Admitted.

### *New Sub-Section (b) in 28 C.F.R. § 26.1*

42. Defendants refer to the rule for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

43. Defendants refer to the notice for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

44. Defendants refer to the submitted comments for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

45. Defendants refer to the publication for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

46. Defendants refer to the rule and publications for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

47. Denied.

### *New Sub-Section (c) in 28 C.F.R. § 26.1*

48. Defendants refer to the rule for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

49. Defendants refer to the notice for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

50. Defendants refer to the submitted comments for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

51. Defendants refer to the publication for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

52. Denied.

### *Repeal of 28 C.F.R. § 26.2*

53. Defendants refer to the rule for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

54. Defendants refer to the notice for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

55. Defendants refer to the submitted comment for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

56. Defendants refer to the 1993 publication for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

57. Defendants refer to the publication for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

58. Denied.

*<u>Remaining Provisions</u>*

59. Defendants refer to the rule for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

60. Denied.

**E.  The Final Rule Harms Plaintiffs**

61. Defendants lack knowledge or information sufficient to form a belief about the Federal Capital Habeas Project's staffing and activities. Defendants deny the other allegations in this paragraph.

62. Denied.

63. Denied.

## Causes of Action

### Count I: Violation of Separation of Powers

64. Defendants incorporate their responses to the previous paragraphs as if set forth herein.

65. Defendants refer to Article III of the Constitution for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

66. Defendants refer to the cited legal authorities for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

67. Defendants refer to the cited legal authorities for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

68. Defendants refer to the 1993 publication for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

69. Denied.

70. Denied.

### Count II: Violation of the Administrative Procedure Act

71. Defendants incorporate their responses to the previous paragraphs as if set forth herein.

72. Defendants refer to the Administrative Procedure Act for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

73. Defendants refer to the cited legal authorities for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

74. Admitted.

75. Defendants refer to the cited legal authorities for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

76. Defendants refer to the Federal Death Penalty Act for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

77. Defendants refer to the cited legal authorities for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. Defendants deny the other allegations in this paragraph.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

### Count III: Violation of the Administrative Procedure Act

82. Defendants incorporate their responses to the previous paragraphs as if set forth herein.

83. Defendants refer to the cited legal authorities for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

84. Defendants refer to the cited legal authorities for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

The remainder of the complaint consists of Plaintiff's jury demand and prayer for relief. Defendants deny that Plaintiffs are entitled to a trial by jury and deny that they are entitled to the requested relief.

*   *   *

Dated: March 18, 2021
       Washington, D.C.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendants*