# Exhibit A



# Office of the Attorney General
## Washington, D. C. 20530

July 1, 2021

MEMORANDUM FOR THE DEPUTY ATTORNEY GENERAL
                              THE ASSOCIATE ATTORNEY GENERAL
                              HEADS OF DEPARTMENT COMPONENTS

FROM:            THE ATTORNEY GENERAL

SUBJECT:       MORATORIUM ON FEDERAL EXECUTIONS PENDING
                       REVIEW OF POLICIES AND PROCEDURES

        The Department of Justice must ensure that everyone in the federal criminal justice system is not only afforded the rights guaranteed by the Constitution and laws of the United States, but is also treated fairly and humanely. That obligation has special force in capital cases. Serious concerns have been raised about the continued use of the death penalty across the country, including arbitrariness in its application, disparate impact on people of color, and the troubling number of exonerations in capital and other serious cases. Those weighty concerns deserve careful study and evaluation by lawmakers. In the meantime, the Department must take care to scrupulously maintain our commitment to fairness and humane treatment in the administration of existing federal laws governing capital sentences.

        In the last two years, the Department made a series of changes to its policies and procedures in this area. Those changes were accompanied by the first federal executions in nearly two decades. To ensure that the Department's policies and procedures are consistent with the principles articulated in this memorandum, I am asking the Deputy Attorney General to undertake and supervise the following reviews.

        No federal executions will be scheduled during the pendency of these reviews.

        *A. Review of the Federal Execution Protocol Addendum.* In July 2019, the then-Attorney General directed the Bureau of Prisons to adopt an Addendum to the Federal Execution Protocol that provided for the use of a single drug, pentobarbital sodium ("pentobarbital"). *See* Memorandum for the Attorney General, *Summary of the Federal Bureau of Prisons' Federal Execution Protocol Addendum* (July 24, 2019). Although some medical experts have concluded that the use of pentobarbital may risk inflicting painful pulmonary edema, the Supreme Court found that this risk was insufficient "to justify last-minute intervention by a Federal Court" shortly before an execution was scheduled to occur. *Barr v. Lee*, 140 S. Ct. 2590, 2591 (2020) (per curiam). A risk need not meet the Court's high threshold for such relief, or violate the Eighth Amendment, to raise important questions about our responsibility to treat individuals humanely and avoid unnecessary pain and suffering. To ensure that these considerations have been fully taken into account, I am directing the Bureau of Prisons to suspend the use of the Addendum pending a further review.

Subject:  Moratorium on Federal Executions Pending　　　　　　　　　　Page 2
　　　　　Review of Policies and Procedures

　　　　I am asking the Office of Legal Policy, under the supervision of the Deputy Attorney General, to coordinate that review. The review should include consultation with all relevant Department components, including the Bureau of Justice Statistics, Bureau of Prisons, Drug Enforcement Administration, Civil Division, Civil Rights Division, Criminal Division, National Institute of Justice, and U.S. Marshals Service; other state and federal agencies, including the Department of Health and Human Services; medical experts; experienced capital counsel; and other relevant stakeholders, including members of the public, as appropriate. The review should assess the risk of pain and suffering associated with the use of pentobarbital. It may also address any other relevant portion of the Addendum.

　　　　*B. Review of the Manner of Execution Regulations.* On November 27, 2020, the Department amended its regulations governing the manner of federal executions "to provide the Federal Government with greater flexibility to conduct executions in any manner authorized by" the Federal Death Penalty Act, 18 U.S.C. § 3596. 85 Fed. Reg. 75,846, 75,847 (Nov. 27, 2020). The amendments, which became effective on December 28, 2020, expanded the permissible methods of execution beyond lethal injection to "any other manner prescribed by the law of the State in which the sentence was imposed." *Id.* at 75,854. The amendments also authorized the use of state facilities and personnel in federal executions and made a number of procedural changes, including granting the Attorney General authority to make exceptions to the regulations and to delegate duties within the Department. *See id.* at 75,854-75,855.

　　　　I have concluded that these matters warrant further consideration. I am therefore asking the Office of Legal Policy, under the supervision of the Deputy Attorney General, to coordinate a review of the November 2020 amendments to consider whether and to what extent those amendments should be modified or rescinded, and to consider any other changes that should be made to the regulations. That review should include appropriate consultation as detailed in Part A above.

　　　　*C. Review of Justice Manual Provisions.* In December 2020 and January 2021, the Department adopted changes to Title 9, Chapter 10 of the *Justice Manual* to expedite the execution of capital sentences. *See, e.g.,* J.M. §§ 9-10.190(B), 9-10.210. Those changes were a departure from longstanding practice. I am therefore asking the Deputy Attorney General, in consultation with the Criminal Division and all other relevant components, to review the changes to Title 9, Chapter 10 and consider whether and to what extent those changes or any other provisions within Title 9, Chapter 10 should be rescinded or modified.